IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 06-10728
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARK LINNEAR HAYS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-462
USDC No. 3:95-CR-141-2

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mark Linnear Hays, federal prisoner # 46431-019, appeals the district court's order denying his motion under Federal Rule of Civil Procedure 60(b) to alter or amend its prior judgment denying Hays's 28 U.S.C. § 2255 motion to vacate his 1996 convictions and sentences for violating the Hobbs Act, using and carrying a firearm in relation to a crime of violence, and being a felon in possession of a firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hays raises three arguments on appeal. First, Hays argues that the district court erred by failing to conduct a de novo review before denying his Rule 60(b) motion. The record contradicts that argument. Relatedly, Hays asserts that the record fails to demonstrate that the district court conducted a de novo review when it denied his § 2255 motion in September 2000. He also asserts that review of the merits of his ineffective assistance claim was deferred on direct appeal and, thus, the district court erred in failing to hold an evidentiary hearing on that claim. Hays's claims are without merit. And, to the extent Hays is challenging the underlying judgment denying his § 2255 motion, he is precluded from doing so. See Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002). Accordingly, Hays's first argument fails.

Second, Hays argues that the District Court should have held an evidentiary hearing in considering his Rule 60(b) motion. Hays has not cited any authority for the proposition that he was entitled to an evidentiary hearing on his Rule 60(b) motion. We likewise find none. Accordingly, Hays's second argument fails.

Third, Hays argues that the district court abused its discretion in denying his Rule 60(b) motion . See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). Having considered the record and relevant law, we find no abuse of discretion. Accordingly, Hays's third argument fails. See id.

AFFIRMED.